SUMMARY ORDER

Shanzhen Lin, a native and citizen of the People’s Republic of China, seeks review of a June 3, 2008 order of the BIA, affirming in part the October 31, 2001 decision of Immigration Judge (“IJ”) William F. Jan-kun, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Shanzhen Lin, No. A077 318 231 (B.I.A. June 3, 2008), aff'g No. A077 318 231 (Immig. Ct. N.Y. City Oct. 31, 2001). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
This Court reviews only the final determinations of the BIA. See 8 U.S.C. § 1252(a)(1). When the BIA issues an independent decision on remand from this Court, the Court reviews the BIA’s decision alone. See Belortaja v. Gonzales, 484 F.3d 619, 622-23 (2d Cir.2007). Here, on remand, the BIA vacated the IJ’s finding that Lin had filed a frivolous asylum application, but left unaltered the remainder of its previous order — which dismissed Lin’s appeal for failure to file a brief and noted that the record did not show that the IJ’s decision was in error. Therefore, we review the BIA’s final order of removal, which includes both its decision on remand vacating the IJ’s frivolousness finding, as well as the remainder of its prior decision dismissing Lin’s appeal for failure to file an appellate brief, which was incorporated by reference into the BIA’s decision on remand. We review the agency’s factual findings under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B). Questions of law and the application of law to undisputed fact are reviewed de novo. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008). Because Lin appears pro se before this Court, we construe broadly the assertions in his brief. See Weixel v. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir.2002).
Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005) (quoting Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998)). The government correctly notes that Lin failed to raise in his brief to *409 this Court any challenge to the BIA’s summary dismissal of his appeal for failure to file an appellate brief, 8 C.F.R. § 1003.1(d)(2)(i)(E). Therefore, we deem waived any such challenge. Id. Because Lin waived any challenge to the BIA’s grounds for dismissing his appeal, this Court will not disturb the BIA’s decision.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).